UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOEL OBOURN, | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:15-CV-48 (JCH) |
| | : | |
| v. | : | |
| | : | |
| AMERICAN WELL CORPORATION, | : | OCTOBER 13, 2015 |
|     Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. No. 62)**

**I.  INTRODUCTION**

Defendant American Well Corporation ("American Well") moves the court to reconsider the portion of its Ruling re: Defendant's Motions to Dismiss ("Ruling") (Doc. No. 58) that held that plaintiff Noel Obourn stated a claim for a bonus for the 2014 calendar year.  See Motion for Reconsideration (Doc. No. 62); Defendant's Memorandum of Law in Support of Motion for Reconsideration (Doc. No. 62-1) ("Def.'s Mem. Supp.").  The court assumes familiarity with its Ruling.

The court grants the Motion for Reconsideration and, upon reconsideration, grants American Well's Motion to Dismiss (Doc. No. 49) as it relates to Obourn's breach-of-contract claim for the 2014 bonus.

**II.  STANDARD**

The standard for granting a motion for reconsideration is strict, and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  A court should not grant a motion

1

for reconsideration where the moving party seeks only to relitigate an issue already decided. See id. In general, granting a motion for reconsideration is only justified if there is an intervening change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

### III.   DISCUSSION

American Well argues that the court should reconsider its decision with respect to Obourn's 2014 annual bonus. Specifically, it asserts that the court misread the contract at issue by inferring that Obourn's annual bonuses were part of a "corporate-wide bonus plan or program" or otherwise related to other employee's bonuses. See Def.'s Mem. Supp. 2–3. Perhaps having been misled by American Well's reference in its Memorandum in Support of its Motion to Dismiss (Doc. No. 50) to the fact that there was a date on which "earned 2014 bonuses were scheduled to be paid," id. at 10 (emphasis added), the court now recognizes the merits of American Well's arguments, so it grants the Motion to Reconsider.

The Agreement between American Well and Obourn (the "Contract") states, in relevant part, the following:

> You will be eligible to receive an annual bonus (the "Annual Bonus") in the amount of $75,000 . . . which shall be payable within 60 days following the

> end of the calendar year to which it relates. In order to earn such Annual Bonus you must: (i) be employed by the Company on the date on which the Annual Bonus is paid; and (ii) have met specific performance criteria, which will be approved by the Company's CEO and communicated to you in writing within the first 60 days of the calendar year to which the Annual Bonus will relate.

Compl., Ex. A (Doc. No. 1-1) § 3(b). Under the terms of the Contract, the "Annual Bonus" is specifically Obourn's annual bonus, and there is no reference in the Contract to any other employee's annual bonus or a time at which annual bonuses are distributed. Thus, American Well was obligated to pay Obourn's bonus within the first 60 days of 2015: its time for performance did not expire until March 1, 2015. American Well did not breach any obligation under the Contract in not paying the Annual Bonus before that date.

The Obourn admits that she left American Well in early January, see Plaintiff's Opposition to Defendant's Second Motion to Dismiss (Doc. No. 52) at 7 ("Plaintiff is not hiding the fact that she left Defendant's employ on January 8, 2015."), and she does not allege that American Well "paid" her the Annual Bonus before she left, see Second Amended Complaint (Doc. No. 42) ¶ 29. Because Obourn left American Well before American Well's time for performance expired, Obourn did not earn the Annual Bonus. Therefore, the court dismisses Obourn's breach-of-contract claim for a 2014 bonus payment.

Anticipating an argument by Obourn based on anticipatory breach, American Well points out that, under Massachusetts law, "[w]ith few exceptions, . . . Massachusetts has not generally recognized the doctrine anticipatory repudiation." K.G.M. Custom Homes, Inc. v. Prosky, 468 Mass. 247, 253 (2014); see also Kunelius v. Town of Stow, 588 F.3d 1, 13 (1st Cir. 2009) ("[A]nticipatory breach of . . . contract . . .

[is] a cause of action that has not found much hospitality under Massachusetts law . . . ."); Perry v. Cartocci, 80 Mass. App. Ct. 1107, 2011 WL 4357358, at *2 (2011) (holding that, "[s]ince Massachusetts law does not recognize the doctrine of anticipatory breach," the contract at issue could not have been breached until after the promisor's time for performance had expired, even though the promisor had previously told the promisee that "all deals were off"). Obourn makes no argument that any exception to this general rule applies; on the contrary, she states that "'anticipatory breach' claims . . . are not applicable here." Plaintiff's Opposition to Defendant's Motion for Reconsideration (Doc. No. 66) at 3.

Instead, Obourn asserts that working for American Well until March 1, 2015, would have been futile because it would not have ultimately paid the Annual Bonus.[1] She relies on the Massachusetts Appellate Court's statement that, "[a]lthough performance of a particular act by one party is contractually specified to be precedent to the arising of an obligation in another, the prior act need not be performed where it would be a hollow gesture sure to be disregarded by the other party." D. Federico Co. v. New Bedford Redevelopment Auth., 9 Mass. App. Ct. 141 (1980) ("Federico") (quoting Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth., 367 Mass. 57, 61 n.2 (1975)). Despite this broad statement, D. Federico Co. is distinguishable from this case and other cases that deal with anticipatory breach. In Federico, the plaintiff had completed its performance under the contract and the defendant refused to pay for the plaintiff's work after its own time for performance had

---

[1] Obourn makes no discernable effort to explain the difference between her futility theory and an anticipatory-breach theory.

expired.  See id. at 142–43.  The court held that the plaintiff did not breach the contract by failing to make a particular form of demand contemplated by the contract.  Id. at 143–44.  Because the very purpose of the contract's demand mechanism was for the defendant to assess breach-of-contract claims and the defendant had already assessed and determined not to pay the plaintiff's claim, following the prescribed demand mechanism would have been "an exercise in futility by the plaintiff."  Id. at 143–44 & n.1.

Here, unlike the plaintiff in Federico, Obourn had not performed all of her obligations under the Contract that entitled her to the Annual Bonus, namely, her obligation to be employed when American Well paid the Annual Bonus on or before March 1, 2015.  Unlike in Federico, where the purpose of the obligation that the plaintiff failed to complete was satisfied (i.e., the defendant had already assessed and denied the claim), Obourn failed to perform a requirement for her to earn a bonus.  Therefore, Obourn's reliance on Federico is misplaced.

Reading the plain meaning of the Contract, Obourn has failed to state a breach-of-contract claim for failure to pay her an annual bonus for 2014.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** American Well's Motion for Reconsideration (Doc. No. 62).  Upon reconsideration, the court **GRANTS** the part of American Well's Motion to Dismiss (Doc. No. 49) that addresses Obourn's breach-of -contract claim for failure to pay her an annual bonus for work performed in 2014.

**SO ORDERED**.

    Dated at New Haven, Connecticut, this 13th day of October, 2015.

                                            <u>/s/ Janet C. Hall</u>
                                            Janet C. Hall
                                            United States District Judge